**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ADAM L. CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-01142-SEP |
| ) | |
| FARMINGTON CORRECTIONAL ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented Plaintiff Adam L. Clark, an incarcerated person at Farmington Correctional Center, to proceed in the district court without prepaying fees and costs.  Having reviewed the motion and the financial information provided in support, the Court concludes that Plaintiff is unable to pay the entire filing fee and will assess an initial partial filing fee of $1.70.  *See* 28 U.S.C. § 1915(b)(1).  Additionally, the Court will issue process on the complaint as to Defendant Michael G. Thompson in his individual capacity pursuant to 28 U.S.C. § 1915(e)(2).  The Court will dismiss without prejudice Plaintiff's claims brought against Defendant Michael G. Thompson in his official capacity and all claims brought against Defendants Farmington Correctional Center and Warden Teri Lawson.

**Initial Filing Fee Under Prison Litigation Reform Act**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior

six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  *See* 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full.  *Id.*

In support of his application to proceed in the district court without prepaying fees and costs, Plaintiff submitted his certified inmate account statement showing an average monthly deposit of $8.50.  The Court will therefore assess an initial partial filing fee of $1.70, which is twenty percent of Plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id.* at 679.  The Court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this suit against Defendant Correctional Officer Michael Thompson and Warden Teri Lawson from Farmington Correctional Center ("FCC"), alleging they violated his constitutional right to be free of cruel and unusual punishment. He sues Thompson in both his individual and official capacity and sues Lawson in her official capacity only. Plaintiff's allegations arise out of an incident with Thompson on December 30, 2019.

In the grievance appeal attached to his complaint, Plaintiff states he is disabled and uses a cane to walk.[1] Plaintiff states that on December 30, 2019, despite his disability, he was relieved of his cane, cuffed behind his back, and in transit.[2] Plaintiff states in his grievance appeal:

> CO I Thompson was pushing me to walk faster than I'm able. He grabbed the restraints and spun me around. Then CO I Thompson commenced to kneeing me

---

[1] Plaintiff has attached a handwritten copy of his Offender Grievance Appeal and the Grievance Appeal Response as exhibits to the complaint. The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

[2] Plaintiff's use of the term "in transit" appears to refer to his walking with a correctional officer.

>   in the head more than 5 times, then continued down my body ending with my
>   stomach.  This is after he slammed me down of course on December 30, 2019 in
>   the yard in front of 10 house.

Plaintiff states that while cuffed and in transit, Thompson accused him of using heroin and then assaulted him by kneeing him several times in the head, chest, and upper body.  As a result, Plaintiff suffered many cuts and bruises and currently suffers from untreatable tinnitus.

Plaintiff states that after the alleged assault he was locked in solitary confinement and did not receive medical attention for ten days, despite calling for medical emergencies four times.  On January 8, 2020, Plaintiff was treated by a nurse, who diagnosed Plaintiff with fluid on his ear allegedly from the trauma of the assault.

Plaintiff alleges Thompson used unreasonable force when he assaulted Plaintiff while Plaintiff was cuffed behind his back and in transit.  He states that he suffered several cuts and bruises to his neck, head, and ear, and he was denied medical attention for ten days.  Plaintiff seeks an unspecified amount of money for his injuries, pain, and suffering.

## Discussion

### (1)     Defendant Thompson

The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment.  *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992); *see also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment").  When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017).

Plaintiff alleges he was handcuffed behind his back and forced to walk without his cane at a rapid and unsustainable pace by Thompson. Then, while Plaintiff was still handcuffed behind his back, Thompson accused Plaintiff of using drugs, knocked him down, and kneed him repeatedly in the head, upper body, and chest. The Court finds on initial review that Plaintiff has stated a plausible claim that Thompson used excessive force in violation of the Eighth Amendment. The Court will issue process on Defendant Thompson in his individual capacity.[3]

*(2)    Defendant Lawson*

Plaintiff alleges Lawson "failed to ensure [his] safety and personal security. Under this Warden's watch I was assaulted, accused of doing heroin, then locked in a cell with no medical attention until [ten] days later." But Plaintiff sues Lawson only in her official capacity. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). But "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). Moreover, in the absence of a waiver, the Eleventh Amendment bars suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998).

This claim would also fail against Lawson in her individual capacity. Plaintiff's allegation is that "under this warden's watch," he was assaulted. He does not claim Lawson was

---

[3] An official capacity claim against an individual is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). In order to prevail on an official capacity claim, Plaintiff would have to establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016). Plaintiff has not alleged such governmental liability, and therefore his official capacity claim against Thompson will be dismissed.

personally involved in or directly responsible for the assault. Rather, he attempts to sue her under the doctrine of respondeat superior, which would hold Lawson liable for acts of her subordinates. To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Government officials may not be held liable for unconstitutional conduct under a theory of respondeat superior. *Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018).

Because Lawson cannot be held liable for the acts alleged in Plaintiff's complaint, either in her individual or official capacity, the Court will dismiss Defendant Lawson from the complaint without prejudice.

*(3)     Defendant Farmington Correctional Center*

Although Plaintiff names FCC as a defendant in his caption, he does not identify FCC as a separate defendant when identifying the named Defendants on the court-provided form. Given the context and the styling of the caption, it seems likely that Plaintiff has named FCC in the caption of his complaint to identify the place of employment of Defendants Thompson and Lawson, rather than naming the institution itself as a defendant. Simply placing a defendant's name in the caption is not enough to assert its responsibility. *See Krych v. Hvass*, 83 F. App'x. 854, 855 (8th Cir. 2003) (per curiam) (affirming the dismissal of defendants who were merely listed in a complaint and were not alleged to have been personally involved in the constitutional violations); *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (affirming the dismissal of two named defendants who had no factual allegations made against them).

Plaintiff has made no allegations against FCC in the body of his complaint, and he could not sue FCC in any event. A claim against FCC is, in effect, a claim against the State of

Missouri. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71; *see also Calzone*, 866 F.3d at 872 (stating that a "State is not a person under § 1983"). Therefore, the Court will dismiss Plaintiff's claims against FCC as legally frivolous.

    *(4)    Motion to Appoint Counsel*

Finally, Plaintiff has filed a motion to appoint counsel. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel, a court considers factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**.  Doc. [2].

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $1.70 initial partial filing fee within twenty-one (21) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it his name and the case number.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to Defendant Michael G. Thompson in his individual capacity.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendant Michael G. Thompson in his official capacity are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendant Teri Lawson in her individual and official capacities are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendant Farmington Correctional Center are **DISMISSED without prejudice**.

**IT IS FINALLY ORDERED** that Plaintiff's motion to appoint counsel is **DENIED without prejudice**.  Doc. [4].

An order of partial dismissal will accompany this memorandum and order.

Dated this 23rd day of November, 2020.

*Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE